### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JAMES B. MCCOY, et al.,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiffs,** | ) | |
| | ) | **No. 02-2064-KHV** |
| **v.** | ) | |
| | ) | **Consolidated with:** |
| **WHIRLPOOL CORPORATION,** | ) | **No. 02-2229-KHV** |
| | ) | **No. 02-2230-KHV** |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

James B. McCoy, Lorray McCoy and American National Property and Casualty Company ("American National") filed suit against Whirlpool Corporation. This matter comes before the Court on Whirlpool's <u>Motion For The Court's Review Of The Actions Of The Clerk</u> (Doc. #457) filed May 5, 2008.

### Background

In October of 2000, the McCoys filed suit against certain defendants – including Whirlpool – alleging products liability claims. <u>See</u> <u>McCoy v. Goben</u> ("<u>McCoy I</u>"), case no. 00-2458-JWL (D. Kan.) (consolidated with case nos. 00-2459-JWL, 00-2461-JWL). In November of 2001, the Honorable John W. Lungstrum granted the McCoys' motion to voluntarily dismiss the action. <u>See</u> <u>Memorandum And Order</u>, attached as Exhibit A to <u>Motion For The Court's Review Of The Actions Of The Clerk</u> (Doc. #457). As conditions of dismissal, Judge Lungstrum ordered that discovery conducted in the case be available in any refiled action and that if they refiled the action, the McCoys pay Whirlpool duplicative costs which it incurred as a result of the voluntary dismissal. <u>Id.</u> at 10-11. In January of 2002, Judge Lungstrum detailed the costs which would be duplicated in the event that the McCoys refiled their action. <u>See</u> <u>Memorandum And Order</u>, attached as Exhibit 1

to <u>Plaintiff's Response In Opposition To Defendant Whirlpool's Motion For The Court's Review Of The Actions Of The Clerk</u> (Doc. #458) filed May 19, 2008.  Specifically, Judge Lungstrum found that on refiling, the McCoys should pay Whirlpool's expenses in reviewing pleadings, attending the Court's discovery and scheduling conferences, preparing pro hac vice motions, preparing a witness list, retaining experts and retaining out-of-state counsel.  See <u>id.</u> at 2-4.  Altogether, these expenses totaled $9,278.50.  <u>Id.</u> at 4.

In February of 2002, the McCoys and American National – their insurer – filed this action which reasserted many of the products liability claims from <u>McCoy I</u>.  In the refiled action, American National sought to recover the amount which it had paid under the homeowners' policy after the McCoys lost their home in a fire caused by a defective dishwasher.  In part, the McCoys sought to recover property loss above the amount which American National had paid them under the homeowners' policy.  On February 19, 2008, the Clerk of the Court entered judgment in favor of plaintiffs.  See <u>Amended Judgment In A Civil Case</u> (Doc. #454).  On April 28, 2008, the Clerk taxed costs in favor of American National in the amount of $9,941.86, <u>see</u> <u>Bill Of Costs</u> (Doc. #455), and in favor of the McCoys in the amount of $25,568.58, <u>see</u> <u>Bill Of Costs</u> (Doc. #456).  Whirlpool objects to some of those costs.

<u>**Analysis**</u>

Rule 54(d), Fed. R. Civ. P., directs that, in general, "costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule permits the Court discretion to "review the clerk's action" with respect to the taxation of costs.  <u>Id.</u>  In its motion, Whirlpool objects that the Clerk improperly taxed the cost of depositions taken in <u>McCoy I</u> and the cost of duplicate deposition

-2-

transcripts.[1]  Under 28 U.S.C. § 1920, the Clerk of the Court may tax costs for originals and copies of depositions "necessarily obtained for use in the case."  28 U.S.C. § 1920(2), (4).  Where requested costs are authorized under Section 1920, a presumption arises that those costs should be awarded. Pehr v. Rubbermaid, Inc., 196 F.R.D. 404, 407 (D. Kan. 2000) (citing Cantrell v. IBEW Local 2021, 69 F.3d 456, 458-59 (10th Cir. 1995)).

## I.     The McCoys' Costs

The Clerk awarded the McCoys $926.80 for originals and copies of depositions in McCoy I.[2] Whirlpool argues that these costs are not properly taxed because (1) the McCoys did not prevail in McCoy I, and (2) the taxation is inconsistent with the conditions of refiling which Judge Lungstrum imposed on the McCoys.  The McCoys do not respond to the argument that they cannot recover costs from McCoy I because they did not prevail in that action.[3]  The Court agrees with Whirlpool that they may not do so.  Rule 54(d) permits only the prevailing party to recover costs, and by voluntarily dismissing McCoy I, the McCoys did not prevail in that case.  See AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997) (citing Cantrell, 69 F.3d at 458) (defendant prevails

---

[1]       Whirlpool also objects to the McCoys' award of $610.05 for depositions related to a personal injury claim which the Court dismissed in August of 2003, and $958.30 for duplicative copies of depositions.  In their response, the McCoys agree to withdraw their claim as to these costs. Accordingly, the Court finds that $1,568.35 should be deducted from the costs which the Clerk taxed in favor of the McCoys.

[2]       Specifically, the McCoys seek costs for the original deposition transcripts of expert Daniel E. Anderson and fact witness Steven A. Anderson, and for copies of the deposition transcripts of expert David Yates and fact witnesses Paul Richards, Lorray McCoy and James McCoy.

[3]       Whirlpool first raised this argument in its reply.  Where the nonmoving party does not seek leave to respond to new arguments in the reply within a reasonable amount of time, the Court may consider such arguments.  See Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1992 (10th Cir. 2006) (month and a half sufficient time for nonmoving party to request leave to file surreply).

where plaintiff dismisses action in case not involving settlement).  Judge Lungstrum itemized certain costs which the McCoys were to pay on refiling the case, and implicitly determined that the remaining costs in McCoy I were to be borne by the parties who incurred them.  Especially given the absence of authority on the issue, the Court is not inclined to revisit and retax costs from past cases which are otherwise final.  Accordingly, the Court finds that $926.80 should be deducted from the costs which the Clerk taxed in favor of the McCoys.  Altogether, the Court finds that $2,495.15 should be deducted from the costs which the Clerk taxed in favor of the McCoys.

## II.      American National's Costs

The Clerk awarded American National $5,674.36 for originals and copies of depositions. Whirlpool objects that these costs duplicate costs which the McCoys have claimed and should not be taxed because American National and the McCoys jointly prosecuted their claims.[4]  Whirlpool does not cite any evidence, however, that American National and the McCoys jointly prosecuted their claims.  The record reflects that American National and the McCoys maintained separate counsel.  See, e.g., Pretrial Order (Doc. #120) filed March 21, 2003 at 1-2 (separate counsel appeared for McCoys and American National).  As an example of plaintiffs' divergent interests, American National's attorney, Dale L. Davis, argued in the pretrial motions hearing that the Court should allow him and the McCoys' attorney, Lynn R. Johnson, to separately question witnesses on property damage issues.  See Transcript (Doc. #437) filed January 5, 2006 at 18-19.  The parties

---

[4]      American National filed its response to Whirlpool's motion on May 30, 2008 – 11 days out of time.  See D. Kan. Rule 6.1(d)(1) (response to non-dispositive motion due within 14 days).  Without excuse for this untimeliness, the Court disregards the response.  See D. Kan. Rule 7.4 (absent excusable neglect, failure to timely file response constitutes waiver of right to respond).  Accordingly, with respect to American National, the Court considers the motion as uncontested.

agreed and the Court permitted Davis and Johnson to separately question such witnesses.  <u>See</u> <u>id.</u> at 20-21.  From this evidence, the Court cannot conclude that American National and the McCoys jointly prosecuted their claims and it rejects the argument that they should have shared deposition costs.

Furthermore, Whirlpool cites no authority for the proposition that plaintiffs who jointly prosecute their claims must share deposition costs.  Again, the test for awarding deposition costs is the necessity of the deposition.  While Whirlpool argues that plaintiffs "certainly could have shared the costs," it does not suggest that the separate deposition transcripts were not necessary for plaintiffs to prosecute their respective cases.  <u>See</u> <u>Cantrell</u>, 69 F.3d at 459 (once prevailing party shows statutory authorization for cost award, non-prevailing party bears burden to show costs improper).  Given that Davis and Johnson worked in different law firms in different cities, it is not unreasonable that each would require a copy of some depositions.  Under these circumstances, the Court finds that American National may recover costs associated with obtaining depositions that the McCoys had also obtained.  The Clerk properly taxed these costs to Whirlpool.

**IT IS THEREFORE ORDERED** that Whirlpool's <u>Motion For The Court's Review Of The Actions Of The Clerk</u> (Doc. #457) filed May 5, 2008 be and hereby is **SUSTAINED in part**.  The Court awards a total of $23,073.43 in costs taxed in favor of the McCoys.  The Court awards a total of $9,941.86 in costs taxed in favor of American National Property and Casualty Company.

Dated this 16th day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
