**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JAMES B. MCCOY, et al.,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 02-2064-KHV** |
| | ) | |
| **WHIRLPOOL CORPORATION,** | ) | **Consolidated with:** |
| | ) | **No. 02-2229-KHV** |
| **Defendant.** | ) | **No. 02-2230-KHV** |
| | ) | |

**MEMORANDUM AND ORDER**

On February 19, 2008, this Court entered its Amended Judgment in a Civil Case (Doc. #454) in favor of plaintiffs James B. McCoy and Lorray McCoy (collectively "the McCoys") and American National Property and Casualty Company ("American National"). This matter comes before the Court on Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment (Doc. #466) filed September 2, 2008 and Defendant Whirlpool Corporation's Motion To Strike ANPAC'S Further Response Brief (Doc. #471) filed September 29, 2008.[1]

**Background**

In February of 2002, the McCoys and American National, their insurer, filed these products liability actions. On February 10, 2005, a jury awarded them $1,712,914 in combined damages. On July 29, 2005, this Court sustained Whirlpool's motion for judgment as a matter of law, reversed the jury verdict and entered judgment for Whirlpool. See Memorandum And Order (Doc. #419). In turn, the Tenth Circuit Court of Appeals reversed and remanded with instructions to reinstate the verdict in favor of plaintiffs.

[1] Defendant Whirlpool Corporation's Motion to Strike ANPAC's Further Response Brief (Doc.# 471) is sustained. The brief was not permitted under D. Kan. R. 7.1 and 15.1, and American National did not seek leave of court to file it. As a practical matter, however, nothing in the brief would influence the outcome of this order.

In ordering remand, the Tenth Circuit Court of Appeals did not instruct this Court with regard to post-judgment interest. Plaintiffs therefore asked the Tenth Circuit to recall its mandate and order post-judgment interest for the period from the original jury verdict (July 29, 2005) to the entry of judgment on remand. See Appellants' Motion Pursuant To Rule 37(b) Requesting The Court To Include Instructions For Post-Judgment Interest In Its Mandate (Doc. # 9535563 in the Tenth Circuit Court of Appeals) filed December 18, 2007. Whirlpool opposed the motion and asked the Tenth Circuit to deny it outright or, in the alternative, to award interest only from the date of the amended judgment on remand, not the date of the jury verdict. See Appellee's Response In Opposition To Appellants' Motion For the Inclusion Of Post-Judgment Interest In The Court's Mandate (Doc. #101101800 in the Tenth Circuit Court of Appeals) filed January 3, 2008. Meanwhile, on February 19, 2008, this Court entered an amended judgment which awarded $736,200.00 to the McCoys and $476,714.00 to American National "plus post-judgment interest."[2] See Amended Judgment In A Civil Case (Doc. #454). The amended judgment did not specify the amount of post-judgment interest which was due, or the rate or date from which it ran. Id. On March 4, 2008, Whirlpool sent three checks for $737,226.24 (the amount of the amended judgment plus $1,026.24) to counsel for James McCoy. The same day, Whirlpool sent American National a check for $477,378.53 (the amount due on the amended judgment plus $1,204.53). With the checks, Whirlpool sent letters which stated that the checks represented "payment of the amounts of the

---

[2] The amended judgment awarded $476,714 to American National and $136,200 to James McCoy in Case No. 02-2064 . It also awarded James McCoy $350,000 in Case No. 02-2229 and James McCoy, as administrator of the Estate of Emily McCoy, $250,000 in Case. No. 02-2230. Some of the damages which the jury awarded exceeded the maximum statutory recovery for such claims. See Motion For Relief From Amended Judgment Dated January 10, 2008, Pursuant To Rule 60(a) (Doc. #449). As a result, this Court amended the original jury verdict to comply with the applicable statutory limits on damages.

Amended Judgments entered in each of the consolidated cases on February 19, 2008, plus post-judgment interest." See Exs. A and B to Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment (Doc. #466) filed September 2, 2008. Whirlpool did not explain how it calculated post-judgment interest. Id. Whirlpool did not state that the checks were intended as an accord and satisfaction of the interest issue which was then on appeal in the Tenth Circuit and it did not claim that cashing the checks would constitute a waiver of plaintiffs' rights to court costs or post-judgment interest from the date of the jury verdict.

Concerned that depositing the checks might waive their rights to future awards of post-judgment interest, plaintiffs repeatedly asked Whirlpool to sign proposed stipulations to preserve their rights to additional post-judgment interest if awarded. See Exs. 2, 3, and 4 to Plaintiff American National's Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #468); see also Exs. 1, 3, 4, and 5 to Plaintiff McCoys' Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #467). Whirlpool never agreed to any of these stipulations, stating only that it had "made an unconditional tender and you may do with it as you see fit." See Sandy Owens email to Lynn R. Johnson and copied to Dale Davis, attached as Ex. J to Defendant Whirlpool Corporation's Reply To Plaintiffs' Separate Response To Defendant's Motion For Order Of Satisfaction of Judgment (Doc. #469). Whirlpool also notified plaintiffs that "[a]t no time have we asked for or sought a Satisfaction of Judgment on behalf of Whirlpool as a condition for plaintiffs' cashing of these checks." See Letter of April 24, 2008, attached as Ex. C to Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment (Doc. #466).

Because Whirlpool refused to sign any proposed stipulations, plaintiffs returned the checks to Whirlpool. On July 22, 2008, the Tenth Circuit granted plaintiffs' motion to recall the mandate and instructed this Court to award post-judgment interest beginning July 29, 2005, the date of the jury verdict. See Order (Doc. #463). As a result, on August 20, 2008, this Court entered a second amended judgment which granted post-judgment interest from July 29, 2005 at the rate of 3.68 per cent per annum. See Amended Judgment In A Civil Case (Doc. #464). On August 14, 2008 (before the Court entered the second amended judgment) Whirlpool re-sent the first checks, which included interest from February 19 to March 4, 2008. It also sent the McCoys a check for $71,705.03 and sent American National a check for $46,431.21. These checks represented "an unconditional tender of post-judgment interest." See Exs. F & G to Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment And Memorandum In Support (Doc. #466) filed September 2, 2008. Plaintiffs negotiated the checks in August of 2008, but claimed that additional interest was due. See Letter of August 26, 2008, attached as Ex. 6 to Plaintiff McCoys' Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #467); see also Letter of August 29, 2008, attached as Ex. 5 to Plaintiff American National's Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #468). Specifically, plaintiffs claimed that Whirlpool was liable for unpaid interest on the judgment from March 5 to August 20, 2008, when they received the second checks.

After receiving plaintiffs' notice, Whirlpool filed a motion for order of satisfaction of judgment. See Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment And Memorandum In Support (Doc. #466) filed September 2, 2008.

**Analysis**

Whirlpool seeks an order declaring that the amended judgments, post-judgment interest and court costs have been paid and are deemed satisfied in full as of August 19, 2008. See Proposed Satisfaction of Judgment, attached as Ex. I to Defendant Whirlpool Corporation's Motion For Order Of Satisfaction Of Judgment And Memorandum In Support (Doc. #466). Plaintiffs, however, allege that interest on the judgment continued to accrue between March 4, when Whirlpool first sent checks, and August 20, 2008, when the Court entered the second amended judgment awarding interest from July 29, 2005. See Plaintiff McCoys' Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #467) at 4. Plaintiffs argue that the full judgment amount which was ascertainable in March of 2008 included post-judgment interest from July 29, 2005 to March 4, 2008 and that interest continued to accrue because the original payments by Whirlpool did not represent full payment of that amount. See id. In the alternative, plaintiffs argue that because Whirlpool would not agree to plaintiffs' proposed stipulations concerning the payments, the March payments were not unconditional tenders of the amount due. Id. at 1-3. Plaintiffs contend that Whirlpool still owes $13,392.71 to the McCoys and $8,672.54 to American National.[3] In response, Whirlpool argues that its initial checks were not conditional upon plaintiffs' waiver of rights but were fully negotiable instruments which constituted a valid tender of the full amount due. See Defendant Whirlpool Corporation's Reply To Plaintiffs'

---

[3] Plaintiffs' calculation represents interest accrued on the entire judgment ($477,378.21 in favor of American National and $737,226.24 in favor of the McCoys) for the period between March 5 and August 20, 2008. See Letter of August 26, 2008, attached as Ex. 6 to Plaintiff McCoys' Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #467); see also Letter of August 29, 2008, attached as Ex. 5 to Plaintiff American National's Response To Defendant's Motion For Order Of Satisfaction Of Judgment And Plaintiff's Memorandum In Support (Doc. #468).

Separate Response To Defendant's Motion For Order Of Satisfaction of Judgment (Doc. #469) at 3. Whirlpool also argues that the checks constituted payment of all outstanding judgments, thereby tolling the accrual of interest pending the Tenth Circuit determination of post-judgment interest.

**I. Proper Tender of Judgment Debt**

To suspend the accrual of interest on a judgment debt, a tender must be in the full amount owed by the judgment debtor, as determined by the trial court or on appeal, regardless of when the tender is made. McGuire v. Sifers, 235 Kan. 368, 383, 681 P.2d 1025, 1037 (Kan. 1984). This rule applies to tenders made during litigation, after judgment or pending appeal. Id. A proper tender requires an unconditional offer to perform an obligation and the tender must be "absolute and unconditional to be effectual." Id. (citing Carpenter v. Riley, 234 Kan. 758, Syl. ¶ 1, 675 P.2d 900 (1984)). An "unconditional tender" occurs when the holder of funds makes an unconditional offer to give up possession of the disputed funds and ceases to exert dominion over the money. Shutts v. Phillips Petrol. Co., 240 Kan. 764, 775, 732 P.2d 1286, 1297 (Kan. 1987) (citing Phillips Petrol. Co. v. Adams, 513 F.2d 355, 370 (5th Cir. 1975)). When an unconditional tender is made, any liability for interest ceases as of the date of tender. Id.

Federal courts have addressed what constitutes an unconditional tender, so as to suspend the accrual of interest. See e.g., BP Exploration & Oil Co. v. Maint. Servs. Inc., 313 F.3d 936, 948 (6th Cir. 2002) (post-judgment interest ceased to accrue upon payment of full judgment, despite return of check to judgment debtor); Phillips Petrol. Co. v. Fed. Power Comm'n, 349 F.2d 535, 538 (10th Cir., 1965) (tender effective where conditions attached to tender were rendered void). Judgment creditors in BP Exploration returned the check to the judgment debtor, citing fear that acceptance of payment could impair their rights on appeal. See BP Exploration, 313 F.3d at 948. The judgment

debtor had placed no conditions or restrictions on acceptance of payment, however, so the Sixth Circuit held that post-judgment interest ceased to accrue when the judgment debtor tendered full payment. See id.; see also Adams, 513 F.2d at 370 (unconditional tender occurred when amount of judgment paid to court); McGuire, 235 Kan. at 384 (unconditional tender occurred when co-defendant's insurance company paid amount due on judgment).

Here, Whirlpool's initial payments were not conditional on plaintiffs' waiver of future rights and Whirlpool did not attach any obligations or conditions to plaintiffs' ability to negotiate the checks. Therefore, as in BP Exploration, plaintiffs' return of the checks had no effect on the validity of the tender. In addition, Whirlpool's refusal to agree to plaintiffs' proposed stipulations had no effect on the validity of the tender. The March checks were effective tenders of the full amount due under the jury verdict, as reflected in the amended judgment entered February 19, 2008.

## II. Accrual of Interest

Under 28 U.S.C. § 1961, post-judgment interest is calculated from the date on which judgment is entered. See Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1085 (10th Cir. 2008) (citing 28 U.S.C. § 1961(a)). Post-judgment interest awarded under 28 U.S.C. § 1961(a) applies to the entire award granted by the district court, including pre-judgment interest and costs. F.D.I.C. v. United Pac. Ins. Co.,152 F.3d 1266, 1277 (10th Cir. 1998). Where the district court grants no monetary award and the appellate court later modifies or reverses that judgment, the appellate court mandate must contain instructions about the allowance of post-judgment interest. Fed R. App. P. 37(b). If the mandate of the appellate court directs entry of judgment but makes no mention of interest from the date of the original verdict to the date of the appellate court's order, the district court is powerless to add such interest. See id. Advisory

Committee Notes (citing Briggs v. Penn. R. Co., 334 U.S. 304 (1948) (where appellate court order overlooked issue of post-judgment interest, party entitled to interest could seek recall of mandate); see also Stewart v. Donges, 20 F.3d 380, 382 (10th Cir. 1994) (discussing applicability of Rule 37(b) and codification of Briggs Rule).[4]

Here, this Court's amended judgment of February 19, 2008, prematurely awarded post-judgment interest. Under Fed. R. App. P. 37(b), this Court had no authority to award such interest.[5] Therefore, in March of 2008, plaintiffs had no right to post-judgment interest for any part of the period from July 29, 2005 to March 4, 2008, and the original checks constituted full satisfaction of Whirlpool's indebtedness on the judgment which was in effect at that time. After the Tenth Circuit mandate concerning post-judgment interest, Whirlpool fully paid post-judgment interest at 3.68 per cent per annum for the period from July 29, 2005 until March 5, 2008. Its initial payments, combined with these payments in August of 2008 satisfied the entire judgment.[6]

**IT IS THEREFORE ORDERED** that Defendant Whirlpool Corporation's Motion for Order of Satisfaction of Judgment (Doc. #466) filed September 2, 2008 be and hereby is **SUSTAINED**.

Dated this 2nd day of December, 2008 at Kansas City, Kansas.

---

[4] To determine whether interest remains due in this matter, the parties rely on Kansas law as stated in McGuire. None of the parties explain how Kansas law would govern the accrual of post-judgment interest in this case, or why the Court should disregard Fed. R. App. P. 37(b).

[5] Because the Tenth Circuit had not previously issued a mandate including post-judgment interest and this Court's award of post-judgment interest was invalid, Whirlpool actually overpaid the amended judgment by $2,230.77 in March of 2008.

[6] Plaintiffs do not contend that Whirlpool owes additional costs or interest on costs, and the Court does not address that issue.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge